the bill of lading has no application to damage caused by delay of the shipment is not only reasonable and just, but that any other construction would be inconsistent with reason and lead to confusion in arriving at the proper damages.

Plaintiff, in offering evidence as to the damages sustained by it, introduced evidence only with reference to the value of the property at the time and place of shipment, giving no evidence whatever as to the value thereof at the time and place it should have been delivered. The court, in its instruction to the jury, adopted the measure of damages contended for by the plaintiff, refusing that contended for by the defendant. Clearly, therefore, not only did the court improperly instruct the jury, but there was no evidence from which the jury could have arrived at the proper measure of damages. *Klass Commission Co. v. Wabash R. Co.*, 80 Mo. App. 164; *Byers v. Southern Exp. Co.*, 165 N. C. 542; *Morrow v. Missouri Pacific Ry. Co.*, 140 Mo. App. 200. Therefore, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

---

## Harry A. Rezek, Plaintiff in Error, v. Fred Grosch et al., Defendants in Error.

### Gen. No. 20,623.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

### Statement of the Case.

Suit by Harry A. Rezek against Fred Grosch, W. L. Hoffman and Oscar Heineman to recover for the value of services alleged to have been rendered in connection with the sale of certain realty situated at the southwest

corner of Armitage and Fairfield avenues in the city of Chicago. Upon the trial before the court without a jury, the plaintiff dismissed as to the defendants. W. L. Hoffman and Oscar Heineman, and the case having proceeded against Grosch alone, the court found the issues for the defendant, in whose favor judgment for costs was rendered, to reverse which plaintiff has sued out this writ of error.

GUSTAVE NEUBERG, for plaintiff in error.

BOWERSOCK & STILWELL, for defendants in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1242*—*when party cannot complain of dismissal.* An order of dismissal as to one defendant cannot be reviewed when such dismissal was entered on the motion of the party complaining.

2. APPEAL AND ERROR, § 1414*—*when finding of court will not be disturbed on appeal.* In an action for commissions, a conclusion of the trial court that a real estate broker had not proven his case by a preponderance of evidence will not be disturbed on appeal, it appearing that such conclusion was not clearly and manifestly against the weight of evidence.

---

Frederick W. Grapperhaus and Reginald C. Russell, trading as Grapperhaus, Russell & Company, Appellants, v. John M. Taylor, Appellee.

### Gen. No. 20,649.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

### Statement of the Case.

Action brought in the Municipal Court of Chicago by Frederick W. Grapperhaus and Reginald C. Russell,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.